SAVINGS INVESTMENT AND TRUST COMPANY OF EAST ORANGE, complainant,

*v.*

UNITED REALTY AND MORTGAGE COMPANY, defendant.

[Submitted December 7th, 1914.  Decided June 14th, 1915.]

1. Part of a property which was subject to a paramount mortgage, was subjected to a second mortgage which expressly provided that it was subject to the existing mortgage.—*Held*, that the rule of sale in the inverse order of alienation was not applicable, and that the part subject to the second mortgage must contribute to the payment of the paramount mortgage.

2. A mortgage gave the mortgagor the right to have lots covered thereby released upon payment of specified amounts.—*Held*, that it was too late to demand a release after a decree of foreclosure had been made.

---

On appeal from a decree of the court of chancery advised by Vice-Chancellor Emery.

*Mr. Samuel F. Leber,* for the Traders Investment Company, appellant.

*Mr. Halsey M. Barrett* and *Mr. Randolph C. Barrett,* for the Morris Machine Works, respondent.

The opinion of the court was delivered by

SWAYZE, J.

This is a foreclosure suit. No question arises upon this appeal except that of priorities among subsequent mortgages. The mortgage of the respondent, Morris Machine Works, is prior in time to the mortgages of the appellant, Traders Investment Company. The vice-chancellor held that the land covered by the appellant's mortgages should be first sold to satisfy the complainant's mortgage, following the ordinary rule of sale in the inverse order of alienation. We assume in favor of the respondent that the rule is applicable in favor of the mortgagees as it is in favor of grantees who take an absolute title instead of one by way of mortgage only. The question we have to determine is whether the language of the respondent's mortage makes the rule inapplicable in this particular case. The language is:

"The property described in the within indenture is subject to an existing blanket mortgage held by the Savings Investment and Trust Company of East Orange, N. J., with release clause of ten dollars per front foot."

The rule requiring sale of parcels of mortgaged premises in the inverse order of alienation is not one to be applied mechanically to all cases; it rests upon the real or presumed intent of the parties. As Vice-Chancellor Emery well said, in *Jackson v. Condict, 57 N. J. Eq. 522* (at *p. 526*): "As between different portions of the premises subject to a common charge, the general and fundamental rule of equity is, that the burden is to be borne by the different portions ratably. The exception to the operation of this fundamental rule, which is made for the purpose of marshaling the portions in favor of a prior grantee of a portion of the premises, is based not on the simple fact of the earliest grant,

but upon the conclusion that the character and circumstances of the earliest conveyance are such as show that it was the intention of the parties to the conveyance that the portion conveyed should be free from the common burden." What, then, must we presume was the intent of the parties in the present case? It is unusual to have a second mortgage made expressly subject to another mortgage. If the words "subject to a mortgage" had been found in an absolute deed of conveyance, it would, under our decided cases, have shown an intent to convey only the equity of redemption, and would have prevented the application of the rule of sale in the inverse order of alienation. *Hoy* v. *Bramhall, 19 N. J. Eq. 563; Gray* v. *Hattersley, 50 N. J. Eq. 206.* Yet the language might well be used in an absolute deed for a purpose other than that of indicating an intent to convey only the equity of redemption; it might be used to except the mortgage from the operation of the covenants for title. Moreover, unless an absolute deed is expressly made subject to an outstanding mortgage, the presumption is that it was meant to convey an unencumbered title, and the consideration paid is presumed to be the full value of the land clear of encumbrance. *Aldrich* v. *Cooper, 2 L. C. Eq. (4th Am. ed.) 296, 297.*

A deed by way of mortgage is different. In the case of such a deed, the fact is that it is only by way of security and the presumption is rather that the amount secured is less than the value of the property. That being so, there is, in the absence of some special covenant by the mortgagor, no obligation on his part that it can be presumed the parties meant should be made good by the mortgagor out of his remaining land. Unless he means by inserting the words "subject to the mortgage" in the subsequent mortgage to indicate that the parcel therein described is to bear its share of the burden, there is no reason for inserting the reference. With or without the reference, the mortgagor is liable to the mortgagee for the payment of the debt; with or without the reference the subsequent mortgagee gets no more security for the mortgagor's obligation than the equity of redemption gives him; his right to have the assets marshaled, and the parcels sold in the inverse order of alienation, is clear without the reference. Some other object must have been in view of the parties when

MARCH TERM, 1915. 475

*84 N. J. Eq.* Savings I. & T. Co. v. United Realty, &c., Co.

the words were inserted. The most natural object was to indicate to subsequent purchasers and mortgagees that the parcel in question was to bear its share of the common burden. The parties may sometimes intend to make the parcel in question primarily liable for the debt secured by the first mortgage, but the more natural way to effectuate that intent would be by a clause of assumption, as in *Chancellor* v. *Towell, 80 N. J. Eq. 223.* A grantee in an absolute conveyance may, but a subsequent mortgagee is most unlikely to assume that burden. Unless, therefore, we are to say that the words are meaningless, a result forbidden by the ordinary rules of construction, we must hold that they were meant to indicate that the liability was to be governed by the general and fundamental rule and to be borne by the different portions ratably. The case is one of the third class put in the notes to *Aldrich* v. *Cooper, 2 L. C. Eq. 304.*

The reference in the respondent's mortgage to the provision for releases of the several lots contained in the complainant's paramount mortgage fortifies our result. If it meant to give the mortgagee the same right to releases from the complainant's mortgage which the mortgagor already had, the right would be the same as the right of the owner of other lots retained by the mortgagor, and would be inconsistent with the superior right now claimed to be exonerated at the expense of those lots. It would at best be a right to contribute *pro rata* to the discharge of the complainant's mortgagee; that is exactly what the respondent now denies. The reference to the release clause is hardly likely therefore to have been inserted for the benefit of the respondent. It was important for the mortgagor, since it indicated that the parcel mortgaged to respondent was to help bear the burden of the paramount lien. It serves no other purpose.

The clause in the complainant's mortgage gave the mortgagor the right to have the lots released upon payment of the specified amounts. Whether the complainant could be compelled to release after default in payment of its mortgage is a question not raised by the pleadings. *Clark* v. *Cowan (Mass.), 92 N. E. Rep. 474,* is to the contrary. In fact, payments were accepted and releases given after the default, in 1910, and as late as July, 1913. No demand has been made for a release since the bill was filed,

and it is too late after the decree of foreclosure. *Avon-by-the-Sea Land and Improvement Co.* v. *Finn, 56 N. J. Eq. 805.* The mortgage has been merged in the decree, and it would be improper to permit new issues to be now raised.

The decree must therefore be reversed, so far as it directs a sale in the inverse order of alienation, and a decree made directing that all the lands still subject to the complainant's mortgage be sold in parcels (the lots included in each of the subsequent mortgages constituting a single parcel), and that the complainant's mortgage be paid out of the proceeds of the sale, each parcel contributing to the payment of the amount due in proportion to the price each parcel brings at the sale.

*For affirmance*—None.

*For reversal*—THE CHIEF-JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, VREDENBURGH, WHITE, TERHUNE, HEPPENHEIMER, WILLIAMS —14.